UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS A. BECK, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:13-CV-1034-JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Marcus A. Beck, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and sentence for forgery as a habitual offender by the Delaware Circuit Court under cause number 18C04-1001-FC-03. Before a district court can grant habeas corpus relief, a petitioner must have exhausted his claims in the state courts. 28 U.S.C. § 2254(b)(1)(A). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–1026 (7th Cir. 2004). Beck raises four grounds in the petition, but he acknowledges that he has not presented any of them to the Indiana Supreme Court. Therefore they are unexhausted.

The procedural default doctrine precludes this Court from reaching the merits of a claim when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). Because the time for filing a petition to

transfer with the Indiana Supreme Court has passed, these claims are procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 853–54 (1999).

However, a procedurally defaulted claim can be considered if a petitioner can show both cause and prejudice or where the petitioner is actually innocent. Here, Beck explains that he did not present his claims to the Indiana Supreme Court because he was "indigent and without counsel." DE 1 at 3-4. In effect, he is arguing that he did not exhaust his claims because he did not know that he needed to – or that he did not know how to. But "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Indeed, *Harris* went on to hold that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default. Therefore, Beck's ignorance of the law does not excuse the procedural default.

Finally, the claims that Beck presents are not based on actual innocence. He argues that:

- his trial counsel was ineffective because he did not discuss plea offers or present an adequate defense;
- his sentencing counsel was ineffective for not challenging adverse information nor presenting mitigating information;
- appellate counsel was ineffective for not communicating with him and not filing appeal briefs;
- he was subjected to double jeopardy and that his plea bargain was breached;
- his sentence was excessive and exceeded the maximum authorized by statute;

- his judge was biased, permitted perjured testimony, refused defense subpoenas, and assigned him a racist public defender.

What he does not argue is that he is innocent. Because a petitioner who asserts actual innocence "must *demonstrate* innocence" *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003), Beck has not excused his procedural default.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons previously discussed, there is no basis for finding that jurists of reason would debate the correctness of the ruling that this claim is procedurally defaulted and not excused for either cause and prejudice or actual innocence. Therefore there is no basis for encouraging Beck to proceed further. Thus, a certificate of appealability must be denied.

For the foregoing reasons the court **DISMISSES** this case and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED** on October 25, 2013.

   S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE